OPINION
Appellant John Henry Anderson appeals the decision of the Stark County Court of Common Pleas that found him to be a "sexual predator." The following facts give rise to this appeal. The Stark County Grand Jury indicted appellant, in 1985, with one count of statutory rape with an attendant force specification. Appellant repeatedly raped his ten-year-old stepdaughter, over a period of a couple months, in 1984. Appellant initially entered a plea of not guilty to the charge and attendant force specification. However, appellant subsequently changed his plea when the trial court, upon motion of Appellee State of Ohio, dismissed the force specification. Following the acceptance of appellant's guilty plea, the trial court sentenced appellant to a term of incarceration of five to twenty-five years. In 1990, the warden of the prison where appellant was serving his criminal sentence recommended that appellant be classified a "sexual predator" for purposes of R.C. Chapter 2950. Pursuant to this notice, the trial court scheduled a classification hearing. At the hearing, the state introduced the indictment, its discovery response and supplement thereto, and a transcript of appellant's taped confession to police. In this taped confession, appellant admitted that he had his ten-year-old stepdaughter perform fellatio on him six or seven times, which included ejaculating in her mouth. The trial court, upon reviewing the evidence, found appellant to be a "sexual predator." Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
I. THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT TO BE A SEXUAL PREDATOR BASED UPON THE EVIDENCE SUBMITTED AT THE HEARING.
 I
In his sole assignment of error, appellant contends the trial court's decision to classify him as a "sexual predator" is not supported by clear and convincing evidence, especially as it pertains to his likelihood to commit sexually oriented offenses in the future. We disagree. In the case of State v. McIntyre (Feb. 1, 1999), Stark App. No. 1997CA00366, unreported, we reviewed this type of claim under a manifest weight of the evidence standard. In McIntyre, we found this to be the applicable standard of review as the Ohio Supreme Court, in the case of State v. Cook (1998),83 Ohio St.3d 404, addressed a similar challenge under a manifest weight standard of review. See Cook at 426. As explained in McIntyre, because R.C. Chapter 2950 is remedial in nature and not punitive, we will review this claim under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. Under this standard of review, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credibility evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. C.E. Morris at syllabus. The essential factors a trial court is to consider in determining whether a person should be classified a "sexual predator" are contained in R.C. 2950.09(B)(2). This statute provides: In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's conduct.
Pursuant to the above factors, at the hearing conducted on April 5, 1999, the trial court made the following findings. First, the trial court noted the age of the victim as well as the disparity of ages between the victim and appellant. Tr. at 16. The victim was only ten years old and appellant was thirty years old. Id. Second, the trial court found appellant used his father/daughter relationship to take advantage of the victim in this case and perpetrate his abuse on her. Id. Third, the trial court took into consideration appellant's prior criminal history even though it did not include sex offenses. Id. Fourth, the trial court considered the nature of the sexual abuse. Id. 17. Finally, the trial court considered the fact that appellant repeated these offenses against the victim and found this to be indicative of likely recidivism. Id. Based on these factors, the trial court concluded, by clear and convincing evidence, that appellant should be classified a "sexual predator" as defined in R.C. 2950.01(E). Appellant challenges the fact that the trial court considered primarily the evidence of the abuse that occurred years ago in support of its conclusion that appellant should be classified a "sexual predator." In addressing this argument, we agree with the Court of Appeals for Franklin County which held: Defendant argues that evidence of past wrongdoing does not provide clear and convincing evidence of his proclivity to commit sexual offenses in the present. Although the court is essentially determining the offender's propensity to engage in future behavior at a sexual predator hearing, a trier of fact can look at past behavior as well, because past behavior is often an important indicator of future propensity. State v. Ferguson (Mar. 31, 1998), Franklin App. No. 97APA06-858, unreported (1997 Opinions 985), discretionary appeal allowed (1998) 81 Ohio St.3d 1443 (citing Kansas v. Hendricks [1997], 521 U.S. 346, 117 S.Ct. 2072, 2080,138 L.Ed.2d 501). Such predictions of future misconduct are "performed countless times each day throughout the American system of criminal justice." State v. Ramsey (Dec. 22, 1997), Clermont App. No. CA97-03-025, unreported, order certifying conflict accepted (1998), 81 Ohio St.3d 1514, 692 N.E.2d 619, and discretionary appeal not allowed (1998), 81 Ohio St.3d 1511,692 N.E.2d 617 (citing Jurek v. Texas [1976], 428 U.S. 262, 274-75,96 S.Ct. 2950, 49 L.E.2d 929). State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported, at 5.
Based on our review of the record, we find there is relevant, competent and credible evidence to support the trial court's conclusion, by clear and convincing evidence, that appellant should be classified a "sexual predator." The trial court's conclusion is not against the manifest weight of the evidence. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J. Hoffman, J., and Farmer, J., concur.